Ruth Peters
vs.  No. 87232.
United Electric Railways Co.

March 25, 1935.

CARPENTER, J. This is an action brought by the plaintiff to recover for injuries sustained by reason of being struck by a bus owned and operated by the defendant company. The case was tried before a jury and the jury returned a verdict for the plaintiff in the sum of $10,000. The matter is now before this Court on defendant's motion for a new trial alleging the usual grounds.

It appeared from the evidence that on the 23rd day of December, 1930, the plaintiff, a young woman about 30 years of age, was standing with a younger sister at a bus stop on the easterly side of East Avenue, so-called, near the northerly corner of Dryden Avenue, in the city of Pawtucket, waiting for a bus to ride into Pawtucket. Some snow had fallen during the day and had been scraped from the street to the curbing. The temperature was a trifle below freezing and the

streets and sidewalks were slippery. East Avenue, for a considerable distance from the place of the accident, toward Providence is an upgrade with a pitch easterly of about 4 per cent, and it has a slight curve at Dryden Avenue. The roadway is a smooth tar surface and is slightly crowned.

In short, the evidence showed that the bus came to the top of the grade on East Avenue several hundred feet from the place of the accident. The driver of the bus knew of the conditions that existed, that is: that the street was slippery and smooth, that it was crowned, and that the bus was not equipped with chains. He knew there was a curve in the street a short distance from the pole designated as a bus stop at which the girls were standing, and he knew, or had reason to believe, there were two girls standing at this bus stop waiting to take the bus that he was driving and that it would be necessary for him to stop to take on the two passengers. The evidence showed that he started down the grade in high speed and all went well until he was right near the bus stop, when it appeared from the evidence he quickly turned his front wheels toward the sidewalk, thereby snapping the rear end of the bus to and against the sidewalk, where it struck the plaintiff. From this evidence and from other evidence in the case, the jury were satisfied, apparently, that the driver of the bus did not drive his bus with due care, under all the circumstances, from the top of the hill to the place where he struck the girl, and it was a clear cut question of fact for the jury to decide.

As to the due care of the plaintiff, the Court does not feel that there is any evidence of negligence on her part. She stood upon the sidewalk at a place designated as a bus stop, and she had no warning and no reason to believe that the bus would come down the hill and be brought to a stop in a manner that would cause it to skid and strike her while standing on the sidewalk.

The defendant argues that the damages awarded in this case are excessive.

The plaintiff was seriously injured, having her pelvis broken in four places and several ribs fractured. She was confined to the hospital from December 23, 1930, until February 18, 1931, during most of which time she was strapped to a fracture board, and it is needless to say that she suffered excruciating pain. After she was discharged from the hospital, she went through a long period of convalescence. The evidence showed that the plaintiff attempted to return to her work July 8, 1931, but at that time she was unable to do her usual work as she could not stand upon her feet for any great length of time, and that condition exists until the present time. The plaintiff also testified that from the time of the injury to the present she suffers pain at different times, is unable to do the natural things that a person of her walk in life and her age would do, and is unable to enjoy the amusements which she previously enjoyed. Dr. Harris testified that he would not say whether she would ever fully recover from the injuries that she received or from the shock she sustained by reason of the injuries.

Upon all the evidence the jury found that the plaintiff was in the exercise of due care and the defendant was negligent, and assessed damages, as I have stated before, in the sum of $10,000. After a careful consideration of all the evidence in the case, the Court feels that the jury were justified in the verdict which they returned and that substantial justice has been done.

Motion for a new trial denied.

For plaintiff: Hogan & Hogan.

For defendant: C. Whipple, Earl Sweeney.